IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLIFFORD BOOKER, Dallas Cnty. Jail §
BookIn No. 20028238, and LLOYD §
HOWARD, Dallas Cnty. Jail BookIn No. §
20034714, §
§
       Plaintiffs, §
§
V. §      No. 3:21-cv-245-L-BN
§
MARIAN BROWN, §
§
       Defendant. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Clifford Booker and Lloyd Howard, both at least then inmates at the

Dallas County jail, filed this *pro se* civil rights suit against the Dallas County Sheriff

alleging that the jail's "failure to follow CDC guidelines during the pandemic" violates

the Eighth Amendment right against cruel and unusual punishment, the Fourteenth

Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. Dkt.

No. 3.

United States District Judge Sam A. Lindsay referred their case to the

undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b)

and a standing order of reference.

Both Booker and Howard signed the complaint, *see* Dkt. No. 3 at 6, through

which they do not seek to represent a class of plaintiffs. But only Booker filed a motion

for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4.

So, on February 11, 2021, the Court entered a Notice of Deficiency and Order

Regarding Filing Fee (the NOD), observing:

> No authority in this circuit necessarily prevents Booker and Howard proceeding jointly in one suit, each representing only himself in an individual capacity. But, under the Prison Litigation Reform Act (the PLRA), both must pay the full filing fee ($402 each) or move for leave to proceed IFP under the PLRA, which makes each individually responsible for the full filing fee.
>
> > Under the PLRA,
> >
> > a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. *See* 28 U.S.C. § 1915(b) (West Supp. 2000). The circuit courts that have squarely addressed the issue have concluded that prisoner-plaintiffs who file a complaint jointly must each pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). The Seventh and Eleventh Circuits disagree, however, as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard*, 262 F.3d at 1198 (each prisoner must bring separate suit since latter-enacted statutory requirement in the PLRA that each plaintiff pay the full filing fee conflicts with and repeals earlier-enacted permissive joinder rules of FED. R. CIV. P. 20), *with Bouribone*, 391 F.3d at 854-56 (multiple prisoner-plaintiffs may proceed together under permissive joinder rule; no conflict between PLRA and Rule 20). The Fifth Circuit has not addressed this issue.
>
> *Beaird v. Lappin*, No. 3:06-cv-967-L, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006); *see also Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) ("The plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 by requiring each joined prisoner to pay the full individual fee. As the Seventh Circuit reasoned, taking '§ 1915(b)(1) at face value,' the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA." (quoting *Boriboune*, 391 F.3d at 856; footnote omitted).
>
> In *Beaird*, Judge Lindsay determined that "the court need not decide" "[w]hether there is a an inherent conflict between the latter-enacted § 1915(b) of the PLRA which requires that each plaintiff pay the full filing fee and the earlier-enacted permissive joinder rules set forth in ... Rule 20" because "the impracticalities and inherent difficulties of allowing [Prisoner-]Plaintiffs to proceed jointly necessitate a severance of each Plaintiff's claims." *Id.* at *4 (collecting cases and noting that such "impracticalities include, without limitation, inmate transfers, security,

the need for each individual Plaintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation"); *see also, e.g.*, *Harrison v. U.S. Marshal Serv.*, No. 3:11-cv-333-K-BH, 2011 WL 1320485, at *2 (N.D. Tex. Mar. 3, 2011) (examining *Beaird* and further observing that "the factual grounds for each inmate's claims may also differ" (citing *Sneed v. Cotton*, No. 3:08-cv-2773-G, 2009 WL 222760, at *1 (N.D. Tex. Jan. 29, 2009))), *rec. accepted*, 2011 WL 1320481 (N.D. Tex. Apr. 6, 2011).

Here, the undersigned will allow Booker and Howard to proceed jointly at this point. *See Glenewinkel v. Carvajal*, No. 3:20-cv-2256-B, 2020 WL 5513432, at *3 (N.D. Tex. Sept. 14, 2020) ("Neither the Supreme Court nor the Fifth Circuit has addressed whether prisoner-plaintiffs may proceed jointly in a single action. But, … a majority of the circuits that have addressed the issue permit joinder. Moreover, the Court agrees with the reasoning applied by that majority in concluding that the PLRA does not preclude prisoner-plaintiffs from litigating as a group."); *see id.* at *4 (concluding that "none of [the] potential hazards [set out in *Beaird*] have arisen in this matter" and therefore finding "that severance is not warranted at this juncture" but "recogniz[ing] that factors may arise warranting severance and [that the court] may sever Plaintiffs' claims into separate actions in the future").

But this case will not proceed at all until Howard (1) pays the $402 filing fee or (2) files a proper motion to proceed IFP and attaches to that motion a complete and verified certificate of inmate trust account (CTA). Accordingly, the Clerk of Court shall send a copy of this order to Howard along with a form application to proceed IFP – Prisoner. And it is hereby ORDERED that, if he qualifies to proceed IFP, Howard must complete and file an IFP motion no later than **March 15, 2021**.

Failure to either pay the full filing fee or file a proper IFP motion supported by a complete and verified CTA by **March 15, 2021** will result in a recommendation that Howard's claims be dismissed for failure to prosecute and failure to obey an order of the Court. *See* FED. R. CIV. P. 41(b).

The Court also CAUTIONS Howard that, under the PLRA, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. [28 U.S.C.] § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)); *see, e.g.*, *Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL

4930913 (N.D. Tex. Aug. 18, 2015).

Dkt. No. 6.

It is now one month past that deadline for Howard to respond to the NOD. He has failed to obey the Court's order. Neither litigant has otherwise contacted the Court. And mail sent by the Court to Booker and Howard at the jail has been returned as undeliverable. *See* Dkt. Nos. 8 & 9.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua

sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff,

conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the NOD, Howard has – and by failing to update the Court as to their addresses, both litigants have – prevented this action from proceeding and have thus failed to prosecute their lawsuit, in addition to leaving the impression that neither plaintiff wishes to pursue these claims.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as either plaintiff decides to obey the Court's order or contact the Court. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

- 6 -

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 22, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE